**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DEAFUEH MONBO,

   *Plaintiff*,

  v.           No. 25-cv-01788 (DLF)

TIMOTHY FOGLE,

   *Defendant*.

**MEMORANDUM OPINION**

Deafueh Monbo, proceeding *pro se*, brings this suit against Timothy Fogle, alleging various claims of copyright and trademark infringement. Before the Court is Fogle's Motion to Dismiss. *See* Dkt. 7. For the reasons that follow, the Court will grant the motion.

## I. BACKGROUND

Monbo co-owns the copyright to a logo created for *12 O'Clock Boyz*, an "independent urban dirt-bike film." Compl. ¶ 6, Dkt. 1; *see id.* ¶¶ 6–14. The logo includes the following elements: "the structure of [a] dirt-bike motorcycle, stylized wording, rider performing a stunt, silhouette of a man (sideview), dirt-bike motorcycle with the front wheel up, and front wheel of dirt-bike motorcycle appears over letter." *Id.* ¶ 18. Since 2001, Monbo has also "continuously used" the "12 O'Clock Boyz trademark . . . in connection with entertainment services, sports, multiple corporate businesses, films, clothing, footwear, advertising, [and] website and social media." *Id.* ¶ 26. She "acquired trademark common law rights for her '12 O'Clock Boyz' Trademark in 2001 when [she] began selling in interstate commerce." *Id.* ¶ 30. She has registered her trademark with the U.S. Trademark Office. *See id.* ¶¶ 32–33.

Fogle is a Florida resident who owns a U.S. registered trademark for a design mark that "includes the words 'Wheels Up Guns Down' and an artistic rendition of a person riding a motor bike." Fogle Aff. ¶ 7, Dkt.7-2; *see id.* ¶ 4; Compl. ¶ 5. Until recently, he operated the website "wheelsupgunsdown.com" and a Facebook page of a similar name. Fogle Aff. ¶¶ 8–9; *see* Compl. ¶ 23. Both the website and the Facebook page used the logo, Fogle Aff. ¶ 12, which he created "to support the military and first responders" and because he is "passionate about peaceful protesting," *id.* ¶ 10.

Although Fogle "made several t-shirts with the Logo for personal use," he "do[es] not intend to sell or market these items." *Id.* ¶ 11. While the website "advertised T-shirts and stickers with the Logo for sale, . . . any potential customer who may have attempted to purchase a T-shirt or sticker would not have been able to complete a sale as the website was not fully operational." *Id.* ¶ 14. The Facebook page, for its part, "never advertised sales of any product with the Logo." *Id.* ¶ 13. Accordingly, Fogle has "never sold any T Shirt, sticker, or any other good with the Logo through the Website, Facebook Page[,] or otherwise." *Id.* ¶ 16. He has also "never directed a third-party agent to sell or advertise any goods with the Logo." *Id.* ¶ 17.

On June 6, 2025, Monbo filed this action, alleging copyright and trademark infringement. *See* Compl. ¶¶ 39–56. She seeks, among other relief, $300,000 in compensatory damages. *Id.* at 14. Fogle has moved to dismiss the Complaint for lack of personal jurisdiction. Mot. to Dismiss 1, Dkt. 7.

## II.   LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss an action when the court lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "On such a motion, the plaintiff bears the burden of 'establishing a factual basis for the exercise of personal jurisdiction' over each defendant."

*Triple Up Ltd. v. Youku Tudou Inc.*, 235 F. Supp. 3d 15, 20 (D.D.C. 2017) (quoting *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)).  To meet this burden, the plaintiff "cannot rely on conclusory allegations," *id.*, but rather "must allege specific facts connecting the defendant with the forum," *Shibeshi v. United States*, 932 F. Supp. 2d 1, 2 (D.D.C. 2013) (citing *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)).  In deciding the motion, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts."  *Triple Up*, 235 F. Supp. 3d at 20 (citation modified).  "Ultimately, the Court must satisfy itself that it has jurisdiction to hear the suit."  *Id.* at 20–21 (citation modified).

## III.    ANALYSIS

Lawsuits require personal jurisdiction.  *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 128–29 (2023).  Courts "may exercise one of two types of personal jurisdiction: (1) 'general or all-purpose jurisdiction' or (2) 'specific or case-linked jurisdiction.'"  *Lewis v. Full Sail, LLC*, 266 F. Supp. 3d 320, 323 (D.D.C. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see also id.* (personal jurisdiction must also "compor[t] with the limits imposed by federal due process").

For the reasons that follow, the Court lacks both general and specific jurisdiction over Fogle.

### A.    General Jurisdiction

While "[a] court with general jurisdiction may hear *any* claim against [a] defendant[,]" "only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State."  *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*,

582 U.S. 255, 262 (2017) (citation modified).  In particular, "[e]xercise of this so-called 'general jurisdiction' requires that the defendant's contacts within the forum be 'continuous and systematic' in order for the defendant to be forced to defend a suit arising out of any subject matter unrelated to the defendant's activities within the forum."  *Conant v. Wells Fargo Bank, N.A.*, 24 F. Supp. 3d 1, 12 (D.D.C. 2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)).

The Court lacks general jurisdiction over Fogle.  Monbo has not alleged any facts suggesting that Fogle has "continuous and systematic" contacts within the forum.  *Id.*  Indeed, Fogle neither resides nor maintains his principal place of business in the District of Columbia, and he has visited the District only once, for a family vacation in November 2021.  *See* Compl. ¶ 5; Fogle Aff. ¶¶ 4–6.  Monbo's conclusory allegation that this Court has general jurisdiction over Fogle, *see* Pl.'s Opp'n 2, Dkt. 8, is insufficient to meet her burden of "establishing a factual basis for the [Court's] exercise of personal jurisdiction," *Crane*, 894 F.2d at 456; *see Triple Up*, 235 F. Supp. 3d at 20 (citation modified).

### B.    Specific Jurisdiction

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."  *Goodyear Dunlop Tires Operations*, 564 U.S. at 919 (citation modified).  "A plaintiff seeking to establish specific jurisdiction over a non-resident defendant must establish that specific jurisdiction comports with the forum's long-arm statute, D.C. Code § 13–423(a), and does not violate due process."  *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094–95 (D.C. Cir. 2008).  As relevant here, § 13–423(a)(1) provides that a court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the

4

person's . . . transacting any business in the District of Columbia." D.C. Code § 13–423(a)(1). "[A] court's exercise of personal jurisdiction over a defendant satisfies due process if there are 'minimum contacts' between the defendant and the forum such that the defendant should reasonably anticipate being haled into court there." *Urquhart-Bradley v. Mobley*, 964 F.3d 36, 44 (D.C. Cir. 2020) (citation modified). "That is, there must exist a relationship among the defendant, the forum, and the litigation such that the defendant's suit-related conduct creates a substantial connection with the forum." *Id.* (citation modified); *see Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987) ("[Section 13–423(a)(1)] has been held by the District of Columbia Court of Appeals to be coextensive (for cases that fit within its description) with the Constitution's due process limit.").

Monbo argues that this Court has specific jurisdiction over Fogle because he "purposefully availed himself of the privilege of conducting business in the District of Columbia" by advertising and marketing on Amazon.com "infringing T-shirt[s]" and by shipping those T-shirts to addresses in the District. Pl.'s Opp'n 2; *see id.* at 1–2. In support of this argument, Monbo points to screenshots of an Amazon transaction in which she purchased one of the allegedly infringing T-shirts and had it shipped to a post office box in the District. *See* Pl.'s Opp'n Ex. 2, Dkt. 8-2.

Monbo has not met her burden to demonstrate that this Court has specific jurisdiction over Fogle. To start, Monbo does not allege any facts suggesting that Fogle is in any way connected with the Amazon storefront from which she purchased the subject T-shirt. Indeed, the T-shirt does not even feature Fogle's allegedly infringing logo. *Compare id.* (depicting what appears to be a dirt-bike rider riding on a single wheel in front of a city skyline with the words "WHEELS UP GUNS UP" above the skyline and "MIAMI" along the foreground), *with* Compl. 5 (depicting Fogle's logo). Furthermore, Fogle has attested that he has "never sold any good or service to any

5

person in the District," Fogle Aff. ¶ 16; *see* Def.'s Reply 1–2, Dkt. 9, and Monbo has not offered any evidence to suggest otherwise.[1]  On this record, the Court cannot conclude that it has specific jurisdiction over Fogle.

## CONCLUSION

For the foregoing reasons, the Court will grant Fogle's Motion to Dismiss, Dkt. 7, and dismiss Monbo's claims against Fogle without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2).  A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

March 30, 2026

---

[1] Monbo does not appear to argue that Fogle's activities through his website and Facebook page are sufficient to give rise to specific jurisdiction and, in any event, such an argument would fail. Monbo does not allege that Fogle "transact[ed] any business in the District of Columbia," D.C. Code § 13–423(a)(1), using either platform, and Fogle expressly disclaims having ever done so, *see* Fogle Aff. ¶¶ 13–17.